J. A. GRAY v. J. E. WEBB.

(No. 2676.)

APPEAL from Hunt County. Opinion by WILLSON, J.

PERKINS, GILBERT & PERKINS, counsel for appellant.

E. W. TERHUNE, counsel for appellee.

§ **331.** *Landlord and tenant; distress warrant; damages for illegal, etc., issuance of; exemplary damages not recoverable unless, etc.; case stated.* Appellant sued appellee in justice's court for rent and advances amounting to $180. A distress warrant was sued out upon the ground that said indebtedness was then due. Appellee pleaded a counter-claim for $17.50, and also pleaded in reconvention for damages for breach of rent contract, and for damages for illegally, injustly and without probable cause suing out the distress warrant. Appellee recovered judgment in justice's court for $142.50. On appeal to the county court by appellant, and on a trial *de novo*, appellee recovered a judgment for $113.25 and costs of the county court. Said judgment was rendered upon a verdict, which was as follows: "We, the jury, find for the defendant, J. E. Webb, the sum of $113.25." Upon the trial the court instructed the jury as to exemplary damages. *Held:* Such a charge was not warranted by the evidence, and furthermore, as given, did not state the law correctly. It should have instructed that such damages were not recoverable if probable cause existed for the issuance of the distress warrant, and that probable cause did exist if appellee had removed any of the agricultural products, etc., from the rented premises without the consent of appellant, and while any portion of the rent or advances claimed were unpaid, whether due or not. [R. S. arts. 3107, 3108, 3112; Act 17th Leg. p. 98; 2 App. C. C. § 277.] Malice and want of probable cause must concur in such a case to warrant a finding for exemplary damages. [2 App. C. C. § 733.] In this case a portion of the rent was due and unpaid, and appellee, without the consent of appellant, had removed a portion of the cotton raised on the rented premises from said premises. The verdict does not specify the character of the damages awarded appellee, whether actual or exemplary, or both. If any portion of the amount awarded is exemplary damages, the verdict and judgment are wrong,

and because exemplary damages may have been awarded the judgment is reversed.

November 26, 1887.          Reversed and remanded.